COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Fitzpatrick,* Judge Elder and
        Senior Judge Duff
Argued at Alexandria, Virginia


RONALD WALTER WACHTLER

MEMORANDUM OPINION** BY
v.   Record No. 2883-96-4   CHIEF JUDGE JOHANNA L. FITZPATRICK
                            NOVEMBER 25, 1997
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
          Herman A. Whisenant, Jr., Judge

     William J. Baker for appellant.

     Steven A. Witmer, Assistant Attorney General
     (Richard Cullen, Attorney General, on brief),
     for appellee.


     Ronald Walter Wachtler (appellant) was convicted by a jury

of grand larceny and burglary in violation of Code §§ 18.2-95 and

18.2-91 respectively. The sole issue raised on appeal is whether

the trial court erred in allowing a witness to comment that

appellant had a drug problem. Assuming without deciding that the

trial court erred, we find it to be harmless and affirm the

convictions.

     On December 22, 1995, the Nokesville home of Susan Daniel

was burglarized and property valued at between $9,000 and $10,000

was stolen. Included among the items taken were family silver,

jewelry, television sets, and a CD player. The day after the

_____
     *On November 19, 1997, Judge Fitzpatrick succeeded Judge
Moon as chief judge.

     **Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

burglary, appellant pawned two of Daniel's silver candlesticks in Fredericksburg at Fredericksburg Pawn, Inc. At trial, Mary Ann Gurney, appellant's former girlfriend, testified that she discovered a bag on her front porch which contained silver, jewelry, documents belonging to Mr. and Mrs. Daniel, and a pawn ticket identified as being issued to appellant by William Flynn of Fredericksburg Pawn, Inc. Ms. Gurney also stated that during her relationship with appellant, he had a drug problem. Lastly, William Fox testified that appellant had asked him if he "wanted to do some burglaries."

The Commonwealth argues that appellant's drug use is admissible to show a motive for larceny. Assuming without deciding that the admission of this statement was error, based upon a review of this record, we conclude beyond a reasonable doubt that the error was harmless. "A defendant is entitled to a fair trial but not a perfect one." Lutwak v. United States, 344 U.S. 604, 619 (1953). Error in cases of improperly admitted evidence may be shown to be harmless if the record contains "overwhelming" evidence of guilt. Clagett v. Commonwealth, 252 Va. 79, 91, 472 S.E.2d 263, 270 (1996). The appellate court must determine on the basis of its own reading of the record the probable impact of the evidence on the minds of the jury and whether the admission was sufficiently prejudicial to require reversal. Arnold v. Commonwealth, 4 Va. App. 275, 282, 356 S.E.2d 847, 851 (1987).

2

The undisputed facts established that appellant was in possession of the recently stolen property, pawned several items the day after the theft, left others at the home of his former girlfriend, and asked William Fox if he would help appellant commit a burglary.  Additionally, based upon appellant's extensive prior criminal history, including eight prior burglary- or larceny-type offenses, any mention of a possible drug habit could not be said to have affected the sentence.  Based upon the overwhelming evidence of appellant's guilt, we hold that the admission of Ms. Gurney's statement, if error, was harmless.  Thus, we affirm the convictions.

Affirmed.